VALENTINE & COMPANY, Respondent, v. THE CITY OF NEW YORK, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ.

JOHN VALK, Respondent, v. ALAN G. KISTLER, Appellant.— Order granting motion for summary judgment, and judgment entered thereon, unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ.

GEORGE CURRY, Respondent, v. IGNATZ KLEIN, Appellant, and Another, Defendant. FLORENCE TERHUNE, an Infant, etc., by THERESA TERHUNE, Her Guardian ad Litem, Respondent, v. IGNATZ KLEIN, Appellant, and Another, Defendant.— Applications denied.

---

## FIRST DEPARTMENT, MARCH, 1927.

### In the Matter of MAX G. COHEN, an Attorney.

*Attorney and client — disciplinary proceedings — attorney disbarred following conviction in Federal court of subornation of perjury and sentence for eighteen months.*

Disciplinary proceedings instituted by the Association of the Bar of the City of New York.

PER CURIAM. The respondent was admitted to the bar in January, 1899, in the New York Supreme Court, Appellate Division, Fourth Department. On August 4, 1926, he was convicted of a felony, to wit, the crime of subornation of perjury,* in the United States District Court, Southern District of New York, and was sentenced to imprisonment in the United States Penitentiary at Atlanta, Ga., for a period of eighteen months. Section 477 of the Judiciary Law provides: " Any person being an attorney and counsellor-at-law, who shall be convicted of a felony, shall, upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practise law as such." Upon his said conviction and under the provisions of the statute,† the respondent should be disbarred. Present — Dowling, P. J., Finch, McAvoy and Martin, JJ. Respondent disbarred.